SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

David C. GUENTHNER and Jay
M. Samuelson, Defendants.

No. 8:02CV10.

United States District Court,
D. Nebraska.

Feb. 24, 2003.

James A. Scoggins, Kurt L. Gottschall,
Polly Atkinson, S.E.C., Denver, CO, for
Plaintiff.

Gay P. Rainville, Jeffrey A. Toll, M. Duncan Grant, Pepper, Hamilton Law Firm,
Philadelphia, PA, Michael A. Nelsen, Hillman, Forman, Law Firm, Omaha, NE, for
David C. Guenthner.

**532**

David A. Zisser, Berliner, Zisser Law Firm, Denver, CO, for Jay M. Samuelson.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on the motions to dismiss of defendant David C. Guenthner, Filing No. 15, and defendant Jay M. Samuelson, Filing No. 17.

This is an action for violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* (the Exchange Act). In its complaint, the Securities and Exchange Commission (SEC) alleges fraud in violation of § 10(b) of Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5, and also asserts records violations under § 13(b) of the Act as well as aiding and abetting such violations, 15 U.S.C. § 13b2–1 and 13b2–2, 17 C.F.R. § 240.13b2–1 and 240.13b2–2. Defendants Guenthner and Samuelson assert that the SEC's complaint fails to state a claim because it fails to allege fraud with particularity under Fed.R.Civ.P. 9(b), fails to allege the requisite element of scienter, and fails to allege that any misstatements were material.

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true, and the plaintiff is entitled to all reasonable inferences that may be drawn from the allegations of the complaint.[1] *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 653 (8th Cir.2001). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir.1999). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.* Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b).

In its complaint, the SEC alleges that Guenthner and Samuelson, respectively the chief financial officer and the assistant corporate controller of InaCom Corporation, committed securities fraud by "managing earnings" in InaCom's financial statements in order to inflate the company's earnings for the third quarter of 1999. Complaint, Filing No. 1, ¶ 1. Specifically, the SEC asserts that Guenthner and Samuelson created a "cookie jar" reserve with excessive accruals during the first two quarters of 1999 so they could use the accrued amounts to inflate third quarter earnings. *Id.*, ¶¶ 17–22. The SEC also alleges that Guenthner and Samuelson "improperly and knowingly" inflated third quarter earnings by correcting certain alleged inventory errors in the third quarter of 1999, instead of restating earnings for the quarters to which the alleged errors related. *Id.*, ¶¶ 49–55. In addition, the SEC alleges that Guenthner caused InaCom to overstate earnings in each of the first three quarters of 1999 by improperly recognizing certain rebates, known as "bid price arbitrage" rebates, from its vendors. *Id.*, ¶¶ 56–66. The SEC also alleges that Guenthner attempted to hide the release of reserves

---

1. At the outset, the court notes that this is an SEC enforcement proceeding, not a private securities action and thus it is not subject to the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u. *See, e.g., Marksman Partners v. Chantal Pharmaceutical Corp.*, 927 F.Supp. 1297, 1308 (C.D.Cal.1996); *In re Credit Acceptance Corp. Secs. Litig.*, 50 F.Supp.2d 662, 675 (E.D.Mich.1999) (finding that the PSLRA "only applies to private securities fraud actions," such as a plaintiff class action suit). For that reason, the cases cited by defendants in support of their motions are inapposite.

In the PSLRA, Congress enacted two heightened pleading requirements for securities fraud cases. (1) a requirement that the complaint specify each false statement or misleading omission and explain why the omission was misleading, 15 U.S.C. § 78u–4(b)(1); and (2) a requirement that the complaint state "with particularity" facts giving rise to a "strong inference" that the defendant acted with the scienter required for the cause of action. 15 U.S.C. § 78u–4(b)(2) *See Fla. State Bd. of Admin.*, 270 F.3d at 651 n. 6.

from InaCom's Board of Directors, and falsely stated that InaCom's auditors had approved the transactions. *Id.*, ¶¶ 23–31. The SEC further alleges that Guenthner and Samuelson deceived its auditors, KPMG, about the release of reserves. *Id.*, ¶¶ 44–48.

Rule 10b–5, promulgated by the SEC under section 10(b) of the Act, prohibits fraudulent conduct in the sale and purchase of securities. 15 U.S.C. § 78j; 17 C.F.R. § 240.10b–5; *Florida State Bd. of Admin.*, 270 F.3d at 653. Section 20 of the Act extends liability under section 10(b) and Rule 10b–5 to any "controlling person." 15 U.S.C. § 78t(a). Rule 10b–5 provides that it is unlawful for any person, directly or indirectly:

> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5. Accordingly, to state a claim under § 10(b) of the Exchange Act and Rule 10(b)(5), the SEC must allege facts that show that the defendants made a misstatement of material fact with the requisite scienter and that buyers and sellers relied on the statements, proximately causing damages.

Scienter is an essential element of a Rule 10(b)(5) claim. *Fla. State Bd. of Admin.*, 270 F.3d 645, 653 (8th Cir.2001). Scienter means the intent to deceive, manipulate, or defraud. *In re NationsMart Corp. Sec. Litig.*, 130 F.3d 309, 320 (8th Cir.1997). Allegations of recklessness satisfy this standard. *Fla. State Bd. of Admin.*, 270 F.3d at 653 (noting that the PSLRA did not change the substantive standard for scienter). Recklessness is defined as "'those highly unreasonable omissions or representations that involve not merely simple or even inexcusable negligence, but an extreme departure form the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it.'" *Id.* (quoting *Camp v. Dema*, 948 F.2d 455, 461 (8th Cir.1991)).

 In the context of securities litigation, the requirement of Fed.R.Civ.P. 9(b) that "the circumstances constituting fraud ... be stated with particularity" serves three purposes: (1) it deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements; (2) it protects against damage to professional reputations resulting from allegations of moral turpitude; and (3) it ensures that a defendant is given sufficient notice of the allegations against him to permit the preparation of an effective defense. *Parnes v. Gateway 2000*, 122 F.3d 539, 549 (8th Cir.1997) (applying pre-PSLRA law). For Rule 9(b), "circumstances constituting fraud" include such matters as "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby ... [C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Id.* (quoting *Commercial Prop. Inv., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir.1995)).

. The SEC's complaint contains particularized allegations of fraud that surpass the merely conclusory. The complaint outlines a scheme to manipulate and inflate earnings reported in public quarterly filings. The complaint alleges affirmative misstatements of financial data, and the SEC has set forth the time, place, and manner, as well as the details of such misstatements. The SEC alleges that Guenthner and Samuelson furthered the scheme by improperly accruing reserves, then releasing them to cause an 88% overstatement of InaCom's third-quarter 1999 earnings; by booking fake receivables thus overstating earnings in August and November 1999; and by improperly accounting for errors in inventory accounts, thus inflating earnings by $10.8 million. The court is unable to state that these overstatements are so small as to be immaterial as a

534

matter of law or that such misrepresentations would not sway a reasonable investor.[2] In addition, the SEC's allegation that Guenthner's and Samuelson's actions did not comport with GAAP principles, combined with other allegations, creates an inference of scienter. The SEC also alleges the requisite scienter in its allegations that the release of reserves was wrong and unprecedented and that Guenthner and Samuelson lied to the Board about it. The SEC further alleges that Guenthner and Samuelson knew the accounting for inventory errors was incorrect, yet took no steps to correct it and directed employees to record receivables knowing that the receivables were not being pursued. Defendants' attempts to conceal their activities raises the inference that they knew the activities were wrong. All of these allegations give rise to an inference of at least recklessness, if not a greater level of culpability.

The court finds that the SEC's complaint is sufficient to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and 9(b). Accordingly,

IT IS ORDERED that:

1. Defendant David C. Guenthner's motion to dismiss, Filing No. 15, is denied; and

2. Defendant Jay M. Samuelson's Motion to dismiss, Filing No. 17, is denied.

---

**2.** Although materiality may be decided as a matter of law in appropriate cases, the materiality determination generally requires delicate assessments of the inferences a reasonable shareholder would draw from a given set of facts and the significance of those inferences to the shareholder and for that reason, unless a reasonable investor could not have been swayed by an alleged misrepresentation or omission, materiality presents a factual question for a jury to decide. *Rodney v. KPMG Peat Marwick,* 143 F.3d 1140,- 1144 (8th Cir.1998). At this stage, Guenthner and Samuelson have not shown that these misstatements were immaterial in light of the "total mix" of InaCom's assets.